Daniel E. Fitzpatrick, J.
By a writ of habeas corpus petitioner seeks to be released from the custody of the respondent, Narcotic Addiction Control Commission, to which he was committed by a determination of this court dated April 11,1967. Petitioner’s commitment was granted upon a voluntary application pursuant to section 206 (subd. 2, par. a) of the Mental Hygiene Law. After a hearing on the present application the court, by an oral decision read into the record, determined that petitioner’s contention that he received only cursory treatment *73 and maximum, confinement in violation of Ms rigMs was without merit. The court reserved decision on the question of whether one who is committed upon a voluntary petition may be released simply upon his own request.
Commitment to the Narcotic Addiction Control Commission pursuant to section 206 of the Mental Hygiene Law differs from commitment to the Department of Mental Hygiene pursuant to section 71 of that law. Under the latter section any individual may voluntarily place himself in'the custody of the Commissioner of Mental Hygiene and thereafter demand his release upon 10 days’ notice to the Commissioner. One who believes himself a narcotic addict may under section 206 voluntarily submit himself to the jurisdiction of the court for determination as to whether or not he will be committed to the custody of the respondent, but no person may of his own volition submit himself directly to the custody of respondent. The court does not now determine whether or not an individual voluntarily seeking commitment may withdraw his petition before any determination is made by the court. However, once such determination is made such person’s prior voluntary status no longer exists and release may not be had except by order of the commission or of the court. Accordingly, the application is denied.